*6/26/14*
*Pick up*
*Sup Ct.*



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LAMAR G. PORTER-MOORE
    Vs.

C.A. No.    2014 CA 003858 B

DISTRICT OF COLUMBIA

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                        Chief Judge Lee F. Satterfield

Case Assigned to:  Judge STUART G NASH
Date:   June 23, 2014
Initial Conference: 9:30 am, Friday, October 03, 2014
Location:  Courtroom A-47
          515 5th Street NW
          WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
**500 Indiana Avenue, N.W., Suite 5000**
**Washington, D.C. 20001 Telephone: (202) 879-1133**

Lamar Gehunta' Porter-Moore
1423 Jackson Street n-e Washington DC 20017
                                                    Plaintiff

vs.

District of Columbia serve:
Office of the Attorney General's Office
                                                    Defendant

**14 - 0003858**

Case Number _____

## SUMMONS

To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

    You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

L. Porter-Moore
_____
Name of Plaintiff's Attorney

1423 Jackson street n-e
_____
Address

Washington DC 20017
_____

Clerk of the Court

By _____
                    Deputy Clerk

Date _____

_____
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bài dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시요      ያማረጉ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

**IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._**

    If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-682-2700) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

Lamar G. Porter-Moore **Plaintiff**
1423 Jackson Washington DC. 20011
**vs.**

Civil Action No. **14 0003858**

District of Columbia 441 4th St NW
WDC, 20001
Fifth District Police Department
1805 Bladensburg Road NE
**Defendants**
Washington, DC 20002

**5 2014**

District Columbia
Washington, D.C.

**COMPLAINT**

1.  **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

False Arrest on August 9 2013 At 8:14 pm,
Racial Profiling, Vailation of civil Right,
Character Assignation, Defremation of Charater
I have never been Arrested before this
Is now Showing on my Perminat record.

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $** 350,0000000
**with interest and costs.**

202.526.9796
**Phone:**

**DISTRICT OF COLUMBIA, SS**

Lamar Gemunta Porter-Moore **, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the paintiff, exclusive of all set-off and just grounds of defense.**

**(Plaintiff** **Agent)**

**Subscribed and sworn to before me this** 23 **day of** June **20** 14 .

**(Notary Public/Deputy Clerk)**

## Case Summary Report

| Agency: MPD | Case Number: 13112591 | Date: 8/26/2013 16:20:51 |
| --- | --- | --- |
| | | Last Modified: 8/9/2013 22:06:16 |

### Incident Information

| Date/Time Reported | Date/Time Found | Date/Time Found | Officer |
| --- | --- | --- | --- |
| 08/09/2013 20:14 | 08/09/2013 20:14 | 08/09/2013 20:14 | (VOLP05771) VOLPE, TAYLOR F |
| **Incident Location** | | | |
| 1400 JACKSON ST NE, WASHINGTON, DC 20017 | | | |

| Charge Type | Description | | | | Statute | UCR | ☐ Att |
| --- | --- | --- | --- | --- | --- | --- | --- |
| City | STOP & FRISK | | | | INCIDENT | 999 | ☑ Com |
| **Alcohol, Drugs or Computers Used** | | **Location Type** | **Premises Entered** | **Forced Entry** | **Weapons** | | |
| ☐ Alcohol  ☐ Drugs  ☐ Computers | | SIDEWALK | | ☐ Yes ☐ No | 1. | | |
| **Entry** | **Exit** | **Criminal Activity** | | | 2. | | |
| | | | | | 3. | | |
| **Bias Motivation** | | **Bias Target** | **Bias Circumstances** | | **Hate Group** | | |

| | Type | Injuries | | Residency Status | Ethnicity |
| --- | --- | --- | --- | --- | --- |
| | INDIVIDUAL | None | | | |
| **Name(Last, First, M)** | | | **Race** | **Sex** | **DOB** | **Age** |

| Name(Last, First, M) | | Race | Sex | DOB | Age |
| --- | --- | --- | --- | --- | --- |
| MOORE, LAMAR | | B | M | ▓▓▓▓ | 27 |
| **Address** | | | | | |
| 1423 JACKSON ST NE, WASHINGTON, DC 20017 | | | | Home Phone | |
| **Employer Name/Address** | / | | | Business Phone | |
| **Victim of Crimes** | | | | | |
| 1 | | | | | |

## Case Summary Report

**Agency:** MPD     **Case Number:** 13112591     **Date:** 8/26/2013 16:20:51
**Last Modified:** 8/9/2013 22:06:16



On the listed date and time at the listed location C-1 was stopped because he matched the initial lookout given for an armed robbery suspect. C-1 was crouched down beside a vehicle as I entered the block. C-1 had a white shirt and a bald head. C-1 was sweating consistent with someone who had been running. I exited my vehicle and told C-1 to let me see his hands. C-1 stated no I didnt do anything wrong. I stated to C-1 if he did nothing wrong he needs to comply and that the stop would be over quickly and safely. Because of the nature of the call, C-1 squatting behind a vehicle matching the lookout and being out of breath, I drew my weapon but at no point and time was my weapon pointed anywhere but at the ground. My backup arrived and C-1 was handcuffed until it was determined that he was not the armed robbery suspect we were looking for. The reason for the stop was explained to C-1 and his mother and father.



Sgt. Conboy responded and spoke with C-1`s mother and father

# Gmail

**Click here to enable** desktop notifications for Gmail.

MoneyMutual.com - Montel Williams Endorsed - Instant Approval for up to $1,0

**Inbox** (2)

Starred

Important

Search people...

cpat

help

pstaapplicant

Reevia Restituyo

robin.porter2

rporter856

rportet856

Steve Nabors

## FIRE FIGHTER/MEDIC I/II (51-14-CRS51)  Inbox  x

**psi@princegeorgescountymd.gov**  1:28 PM (

February 21, 2014

Lamar Porter-Moore (Personal ID#17871007)
1423 Jackson street N.E.
Washington, DC 20017

RE: FIRE FIGHTER/MEDIC I/II (51-14-CRS51)

**Subject: Permanent Disqualification Notice - Legal History (Criminal /**

Dear Lamar Porter-Moore:

You are receiving this Permanent Disqualification Notice because of the ans
response to the questions labeled CRM1, CRM3, CRM4, and/or CRM5 in yo
Please note that this is an automatic permanent disqualifier in accordance w
Safety Standards.

**BEFORE you decide to respond to this notice**, please direct your attentic
questions labeled MQ1, MQ2, MQ6, and particularly MQ13 and MQ14, in wh
declared that you carefully and thoroughly reviewed your entire application be
you answered ALL questions honestly and did not make ANY errors or mist:

*Therefore, this decision was not rendered in error and it is not subject t*

You may review your responses by clicking here.

*Public Safety Investigations*

*PSI Appeals Procedure: Applicants that can provide substantive, tangible e*
*been rendered in error may write a letter to:*

**Filed**
**D.C. Superior Court**
**08/19/2014 13:59PM**
**Clerk of the Court**

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| LAMAR G. PORTER-MOORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| DISTRICT OF COLUMBIA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

Civil Action No. 2014 CA 003858 B
Judge Stuart G. Nash

Next Event: ISC – October 3, 2014

## DEFENDANTS' MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Defendants the District of Columbia ("the District") and the Fifth District Police Station, by and through undersigned counsel, respectfully move this Honorable Court to issue an order dismissing Plaintiff's claims as to both named defendants, pursuant to Super. Ct. Civ. R. 12(b)(6).  In the alternative, the District respectfully moves this Honorable Court to issue an order awarding it summary judgment in this case, pursuant to Super. Ct. Civ. R. 56.  The grounds for this Motion are as follows:

1.      The Fifth District Police Station is *non sui juris*;

2.      Plaintiff's Complaint must be dismissed as to the Defendants because it does not satisfy the notice of pleading requirements under Super. Ct. Civ. R. 8 and 9; and,

3.      Plaintiff has failed to comply with the mandatory statutory notice requirements set forth in D.C. Official Code § 12-309.

A Memorandum of Points and Authorities in support of this Motion, a Statement of Undisputed Material Facts, and two proposed orders are attached hereto.

Respectfully Submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, General Litigation Sec. IV

*/s/ Rick V. Naran-Ferrini*
RICK V. NARAN-FERRINI
D.C. Bar No. 1008958
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6626; (202) 727-6295
Fax: (202) 730-0594
Email: rick.ferrini@dc.gov

## RULE 12-I CERTIFICATION

I hereby certify that, on August 1, 2014 and August 19, 2014, I attempted to contact Plaintiff

by telephone (at the number listed on his Complaint and associated paperwork) to request his

position on the foregoing Motion, in accordance with Rule 12-I.  However, I was unable to reach

Plaintiff.  Accordingly, this Motion should be treated as contested.

*/s/ Rick V. Naran-Ferrini*
RICK V. NARAN-FERRINI
Assistant Attorney General

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 19th day of August 2014, I caused a copy of the foregoing, including all attachments, to be sent via first class mail postage prepaid to the following, in addition to filing via CaseFileXpress:

        Mr. Lamar G. Porter-Moore
        1423 Jackson Street, NE
        Washington D.C. 20017

                */s/ Rick V. Naran-Ferrini*
                RICK V. NARAN-FERRINI
                Assistant Attorney General

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| LAMAR G. PORTER-MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2014 CA 003858 B |
| | ) | Judge Stuart G. Nash |
| v. | ) | |
| | ) | Next Event: ISC – October 3, 2014 |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**
**MOTION TO DISMISS OR, IN THE ALTERNATIVE, DISTRICT OF COLUMBIA'S**
**MOTION FOR SUMMARY JUDGMENT**

Defendants District of Columbia (the "District") and the Fifth District Police Station

submit this Memorandum of Points and Authorities in support of their Motion to Dismiss or, in

the Alternative, the District's Motion for Summary Judgment.

**FACTUAL BACKGROUND**

Plaintiff filed the above-caption action on or about June 23, 2014.  His Complaint

provides as follows:

> False arrest on August 9 2013 at 8:14 p.m., Racial Profiling, Voilation
> [sic] of Civil Right, Character Assignation [sic], Deframation [sic] of
> Charater [sic]. I have never been arrested before this is now showing on
> my perminat [sic] record.

As set forth below, this case should be summarily dismissed pursuant to Super. Ct. Civ. R. 12

because Plaintiff's Complaint fails to satisfy the notice of pleading requirements set forth in

Super. Ct. Civ. R. 8 and 9.

Additionally, before filing the instant lawsuit, Plaintiff did not provide any form of

written notice to the Mayor regarding the subject matter of his Complaint.  *See* Declaration of

Lana Craven (Exhibit 1).  Accordingly, the District should be awarded summary judgment in this case.

## STANDARD OF REVIEW

### I.    MOTION TO DISMISS

A motion to dismiss pursuant to D.C. Super. Ct. Civ. R. 12(b)(6) should be granted where the complaint fails to contain "a short and plain statement of the claim showing that the pleader is entitled to relief… in order to 'give the defendant fair notice of what the… claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v Twombly,* 550 U.S. 544, 555 (2007) (internal citations omitted).  The complaint must contain "'enough facts to state a claim to relief that is plausible on its face.'"  *Murray v. Motorola, Inc.*, 982 A.2d 764, 783 n.32 (D.C. 2009) (quoting *Bell Atl. Corp.*, 550 U.S. at 555).   "A court's duty to construe *pro se* complaint liberally does not permit a court to uphold completely inadequate complaints."  *Elmore v. Stevens*, 824 A.2d 44, 46 (D.C. 2003) (citing *Vaughn v. United States,* 579 A.2d 170, 176 (D.C. 1990)).  Moreover, "the duty to be less stringent with pro se complaints does not require [the court] to conjure up unpled allegations.'"  *District of Columbia v. Beretta, U.S.A., Corp.*, 872 A.2d 633, 660 (D.C. 2005) (quoting *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)).  Super. Ct. Civ. P. 9 tests the sufficiency of a complaint.  If the Complaint lacks averments of time and place, dismissal is appropriate.

### II.    MOTION FOR SUMMARY JUDGMENT

Summary judgment must be granted if the moving party demonstrates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986); Super. Ct. Civ. R. 56(c). Under the summary judgment standard, the moving party bears the initial responsibility of

informing the court of the "basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323; *see also Doolin v. Environmental Power Ltd.*, 360 A.2d 493, 496 (D.C. 1976). Although the moving party has the burden of demonstrating the absence of any material facts and the right to judgment as a matter of law, the movant is not obligated to present supporting evidence. *Ferguson v. Dist. of Columbia*, 629 A.2d 15, 19 (D.C. 1993). The moving party need only assert that there is a lack of necessary evidence to support non-moving party's case. *Ferguson*, 629 A.2d at 19. In response, the non-moving party must "go beyond the pleadings" and "designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *see also Landow v. Georgetown-Inland West Corp.*, 454 A.2d 310, 313 (D.C. 1982).

## ARGUMENT

## I.     THE FIFTH DISTRICT POLICE STATION IS *NON SUI JURIS*

Pursuant to D.C. Official Code § 1-603.01(17)(L), the Fifth District Police Station is part of the D.C. Metropolitan Police Department (MPD), which is a "subordinate agency" under the direct administrative control of the Mayor. As a subordinate agency within the District of Columbia government, MPD (including the Fifth District Police Station) is *non sui juris*—in other words, it cannot be party to this, or any, lawsuit. Indeed, the law is clear that "agencies and departments within the District of Columbia government are not suable as separate entities." *See Does I through III v. District of Columbia,* 238 F. Supp. 2d 212, 222 (D.D.C. 2002) (quoting *Gales v. District of Columbia*, 47 F. Supp. 2d 43, 48 (D.D.C. 1999)); *see also Miller v. Spencer*, 330 A.2d 250, 251, n.1 (D.C. 1974); *Arnold v. Moore,* 980 F. Supp.28, 33 (D.D.C. 1997)

3

("governmental agencies of the District of Columbia are not suable entities") (citing *Robertson v. District of Columbia Bd. of Higher Educ.*, 359 A.2d 28, 31, n.4 (D.C. 1976)); *Fields v. District of Columbia Dep't of Corr.,* 789 F. Supp.2d 20, 22 (D.D.C. 1992).   Therefore, the Fifth District Police Station is entitled to be dismissed as a party defendant.   *See, e.g., Ray v. District of Columbia,* 535 A.2d 868, 869 n. 2 (D.C. 1987) (dismissing MPD as a party defendant because it is *non sui juris*); *Roberson v. District of Columbia Board of Higher Education,* 359 A.2d 28, 31 n. 4 (D.C.1976) (same); *Jones v. District of Columbia*, 2011 WL 2222354 at * 1, n.2 (D.D.C. 2011) (same).

## II.   PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO SATISFY THE NOTICE OF PLEADING REQUIREMENTS SET FORTH IN SUPER. CT. CIV. R. 8 and 9.

Plaintiff's Complaint should be dismissed in its entirety for failure to satisfy the general rules of pleading set forth in Super. Ct. Civ. R. 8(a) and 9.   Rules 8 requires the pleader to provide "a short and plaint statement of the claim *showing that the pleader is entitled to relief*." Super. Ct. Civ. R. 8(a) (emphasis added).   Rule 9 requires the pleader to identify the date and place of the occurrence, which are material elements of the pleader's claim.   See Super. Ct. Civ. R. 9(f).   As is shown by his Complaint allegations, Plaintiff has failed to show that he is entitled to relief from these Defendants.   That is, Plaintiff's Complaint does not contain "'enough facts to state a claim to relief that is plausible on its face.'"   *See also Murray v. Motorola, Inc.*, 982 A.2d 764, 783 n.32 (D.C. 2009) (quoting *Bell Atlantic Corp. v Twombly,* 550 U.S. 544, 555 (2007)).   First, Plaintiff does not explain who arrested him, the charges for which he was arrested, nor does he indicate where the arrest occurred.   In fact, the Complaint is devoid of the circumstances under which the arrest occurred.   *See* Complaint.   Second, Plaintiff does not state who defamed him, does not describe the alleged defamatory statement(s), nor indicate to whom

the defamatory statement(s) was/were made.  *Id.*  The Complaint allegations only state: "False

arrest on August 9 2013 at 8:14 p.m., Racial Profiling, Voilation [sic] of Civil Right, Character

Assignation [sic], Deframation [sic] of Charater [sic]. I have never been arrested before this is

now showing on my perminat [sic] record."  This hardly satisfies the requirements of Rules 8

and/or 9.

While courts in all jurisdictions extend a certain degree of leniency to *pro se* litigants, in

this particular case, Plaintiff's Complaint falls so far short of satisfying the notice of pleading

requirements that there is no basis for the Court to do so.  *See Elmore v. Stevens*, 824 A.2d 44, at

46 (D.C. 2003) ("A court's duty to construe *pro se* complaint liberally does not permit a court to

uphold completely inadequate complaints.").  Because Plaintiff's Complaint is devoid of any

specificity regarding the circumstances surrounding the incident(s) for which he seeks relief and

is devoid of any basis for which these Defendants can be held liable, dismissal for failure to

satisfy the requirements of Super. Ct. Civ. R. 8 and 9 is appropriate.

**III.  IN THE ALTERNATIVE, THE DISTRICT SHOULD BE AWARDED SUMMARY JUDGMENT BASED UPON PLAINTIFF'S FAILURE TO COMPLY WITH D.C. OFFICIAL CODE § 12-309**

In order to maintain any action against the District of Columbia for unliquidated

damages, a plaintiff must satisfy the mandatory notice requirement of D.C. Official Code § 12-

309.  Section 12-309 provides, in pertinent part:

> An action may not be maintained against the District of Columbia for
> unliquidated damages to person or property unless, within six months after
> the injury or damage was sustained, the claimant, his agent, or attorney
> has given notice in writing to the Mayor of the District of Columbia of the
> approximate time, place, cause, and circumstances of the injury or
> damage.

The notice requirements of § 12-309 are absolute and unqualified.  Since § 12-309 departs from

the common law norm of sovereign immunity by allowing suits against the District, the statute's

notice requirements are a mandatory prerequisite to filing a lawsuit against the District.  Indeed, in *District of Columbia v. Dunmore*, 662 A.2d 1356, at 1359 (D.C. 1995), the D.C. Court of Appeals expressly held that § 12-309 must be construed narrowly against claimants.  Here, Plaintiff's Complaint strictly pertains to activities that took place on August 9, 2013 and asserts claims of common law false arrest, racial profiling, violation of civil rights, character assignation, defamation of character against the Fifth District Police Station.  *See* Complaint, generally.  However, he did not provide any form of notice to the Mayor prior to filing his Complaint as is required under § 12-309.  *See* Declaration of Lana Craven (Exhibit 1). Therefore, the District should be awarded summary judgment in this matter, pursuant to Super. Ct. Civ. R. 56.

## CONCLUSION

For the reasons set forth above, the Defendants respectfully request that this Court dismiss this case.

Respectfully Submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, General Litigation Sec. IV

*/s/ Rick V. Naran-Ferrini*
RICK V. NARAN-FERRINI
D.C. Bar No. 1008958
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6626; (202) 727-6295
Fax: (202) 730-0594
Email: rick.ferrini@dc.gov

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

LAMAR G. PORTER-MOORE,      )
                                    )
        Plaintiff,       )      Civil Action No. 2014 CA 003858 B
                                    )      Judge Stuart G. Nash
        v.                  )
                                    )      Next Event: ISC – October 3, 2014
DISTRICT OF COLUMBIA, *et al.*,    )
                                    )
        Defendants.     )
_____)

**DEFENDANT DISTRICT OF COLUMBIA'S**
**STATEMENT OF UNDISPUTED MATERIAL FACTS**

Defendant District of Columbia ("the District") submits the following Statement of

Undisputed Material Facts in support of its Motion for Summary Judgment.

    1.     Plaintiff did not provide any form of written notice to the Mayor regarding his

claim that he was falsely arrested and/or defamed on or about August 9, 2013 before filing his

Complaint.  *See* Declaration of Lana Craven (Exhibit 1).

                               Respectfully Submitted,

                                 IRVIN B. NATHAN
                                 Attorney General for the District of Columbia

                                 GEORGE C. VALENTINE
                                 Deputy Attorney General, Civil Litigation Division

                                 */s/ Patricia A. Oxendine*
                                 PATRICIA A. OXENDINE
                                 D.C. Bar No. 428132
                                 Chief, General Litigation Sec. IV

*/s/ Rick V. Naran-Ferrini*
RICK V. NARAN-FERRINI
D.C. Bar No. 1008958
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6626; (202) 727-6295
Fax: (202) 730-0594
Email: rick.ferrini@dc.gov

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

LAMAR G. PORTER-MOORE,      )
                            )
      Plaintiff,          )     Civil Action No. 2014 CA 003858 B
                            )     Judge Stuart G. Nash
      v.               )
                            )
DISTRICT OF COLUMBIA, *et al.,*   )
                            )
      Defendants.      )
                            )

## ORDER

Upon consideration of the Defendants District of Columbia and Fifth District Station's

Motion to Dismiss, their supporting Memorandum of Points and Authorities, any opposition

thereto, and the entire record herein, it is this ___ day of _____, 2014,

ORDERED: that the said Motion be, and hereby is, GRANTED for the reasons set forth

therein; and it is,

FURTHER ORDERED: that Plaintiff's Complaint is DISMISSED WITH PREJUDICE.

SO ORDERED.


_____
Hon. Stuart G. Nash
Superior Court for the District of Columbia



Copies to:

Rick V. Naran-Ferrini          Mr. Lamar G. Porter-Moore
Office of the Attorney General     1423 Jackson Street, NE
441 Fourth Street, N.W., Suite 630 South   Washington D.C. 20017
Washington, D.C. 20001

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

LAMAR G. PORTER-MOORE.,      )
                             )
        Plaintiff,           )        Civil Action No. 2014 CA 003858 B
                             )        Judge Stuart G. Nash
        v.                   )
                             )
DISTRICT OF COLUMBIA, *et al.,*  )
                             )
        Defendants.          )
_____)

## <u>ORDER</u>

Upon consideration of the Defendant District of Columbia's Motion for Summary

Judgment, their supporting Memorandum of Points and Authorities, any opposition thereto, and

the entire record herein, it is this ___ day of _____, 2014,

ORDERED: that the said Motion be, and hereby is, GRANTED for the reasons set forth

therein; and it is,

FURTHER ORDERED:  that Defendant District of Columbia is hereby awarded

summary judgment in this case.

SO ORDERED.


                              _____
                              Hon. Stuart G. Nash
                              Superior Court for the District of Columbia

Copies to:

Rick V. Naran-Ferrini                   Mr. Lamar G. Porter-Moore
Office of the Attorney General          1423 Jackson Street, NE
441 Fourth Street, N.W., Suite 630 South   Washington D.C. 20017
Washington, D.C. 20001

# EXHIBIT 1

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LAMAR G. PORTER-MOORE,     )
                             )
      Plaintiff,           )     Civil Action No. 2014 CA 003858 B
                             )     Judge Stuart G. Nash
      v.               )
                             )
DISTRICT OF COLUMBIA, *et al.*,   )
                             )
      Defendants.       )
_____)

## DECLARATION OF LANA CRAVEN

I, LANA CRAVEN, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury that the following is true to the best of my knowledge:

1.    I am the Program Analyst for the Tort Liability Division, District of Columbia Office of Risk Management ("ORM"). The Tort Liability Division receives, processes and investigates potential claims against the District of Columbia pursuant to D.C. Official Code § 12-309. ORM began receiving notices of potential claims on January 15, 2004.

2.    Claims previously handled by the Claims Unit for the Office of the Attorney General still under investigation as of January 15, 2004, were also transferred to ORM and recorded in its claims management system.

3.    Receipt of written notice of claims against the District of Columbia is forwarded directly to the Tort Liability Division for processing. When the Tort Liability Division receives notices of claims, either from the Mayor's Office or directly, the Tort Liability Division records the receipt of such notice in its claims management system.

4.      The Tort Liability Division conducted a diligent search of the Risk
Management system in the Office of Risk Management.  The result of this search has
revealed that the Tort Liability Division of the District of Columbia Office of Risk
Management has received no notice related to any claims by Lamar Porter-Moore, or
anyone on his behalf, that he was falsely arrested and/or defamed on or about August 9,
2013, as more fully described in *Lamar G. Porter-Moore v. District of Columbia*, 2014
CA 003858 B, filed in the Superior Court of the District of Columbia.


LANA CRAVEN
Program Analyst

Date Executed: 8/12/14

2

Filed
D.C. Superior Court
08/21/2014 11:25AM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LAMAR G. PORTER-MOORE,            )
                                  )
        Plaintiff,                )        Civil Action No. 2014 CA 003858 B
                                  )        Judge Stuart G. Nash
        v.                        )
                                  )        Next Event: ISC – October 3, 2014
DISTRICT OF COLUMBIA, *et al.*,   )
                                  )
        Defendants.               )
                                  )
_____)

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT[1]

Defendants the District of Columbia ("the District") and the Fifth District Police Station,

by and through undersigned counsel, hereby answer Plaintiff's Complaint in the above-captioned

matter as follows:

### FIRST DEFENSE

The allegations in the Complaint fail to state a claim against the Defendants for which

relief can be granted.

### SECOND DEFENSE

1.      The allegation in sentence one of the Complaint is a legal statement which

requires no response.  To the extent a response is required, these Defendants deny that

Plaintiff was falsely arrested.

2.      Plaintiff's averments of racial profiling, violation of civil rights, character

assassination, [sic] defamation [sic] of character [sic] are legal averments that do not

require a response.  To the extent a response is required, the claims are denied.

---

[1] On August 19, 2014, the Defendants filed a Motion to Dismiss Plaintiff's Complaint or in the Alternative, Motion for Summary Judgment.  This answer transforms the Defendants' motion into a Motion for Judgment on the Pleadings/Summary Judgment pursuant to Super. Ct. Civ. R. 12(c) and 56.

3.     These Defendants lack information at this time to either admit or deny Plaintiff's averment that he has never been arrested prior to August 9, 2013.  To the extent a response is required, these Defendants deny the averments.

4.     These Defendants lack sufficient information to either admit or deny that Plaintiff's permanent record reflects an arrest of August 9, 2013.  To the extent a response is required, these Defendants deny the averment.

FURTHER ANSWERING, these Defendants deny all allegations not specifically admitted or otherwise answered.

<u>THIRD DEFENSE</u>

Plaintiff failed to comply with the mandatory notice requirements of D.C. Official Code Section § 12-309.  *See* Defendants Motion filed on August 19, 2014.

<u>FOURTH DEFENSE</u>

All or some of Plaintiff's claims may be barred by statute of limitations, laches, estoppel, or waiver.

<u>FIFTH DEFENSE</u>

If Plaintiff was arrested, probable cause existed for the arrest.

<u>SIXTH DEFENSE</u>

Plaintiff was not "arrested" by the Defendants.

<u>SEVENTH DEFENSE</u>

The District cannot be held liable for its discretionary actions.

<u>EIGHTH DEFENSE</u>

Plaintiff may have failed to mitigate his damages.

## NINTH DEFENSE

Plaintiff's Complaint does not comply with the requirements of Super. Ct. Civ. R. 8 or 9 and dismissal is appropriate.

## TENTH DEFENSE

Actions or omissions of the Defendants, including the District's employees, agents, or servants acting within the course and scope of their employment, were not the proximate cause of Plaintiff's alleged injuries.

## ELEVENTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Complaint, then such injuries and/or damages were caused by superseding causes not within the Defendants' control.

## TWELFTH DEFENSE

The public duty doctrine and/or sovereign immunity may bar this claim.

## THIRTEENTH DEFENSE

The Fifth District Police Station is *non sui juris*.

## FOURTEENTH DEFENSE

Plaintiff's constitutional rights were not violated.

## FIFTEENTH DEFENSE

Plaintiff was not defamed by these Defendants nor did any character assassination occur by these Defendants as alleged in the Complaint.

## SIXTEENTH DEFENSE

Plaintiff has incurred no damages caused by these Defendants' actions/inaction.

## SEVENTEENTH DEFENSE

These Defendants did not racially profile Plaintiff.

## SET-OFF

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care and Medicaid.

## JURY DEMAND

The Defendants demand a trial by jury with the maximum numbers permitted by law.

Respectfully Submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ Patricia A. Oxendine
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, General Litigation Sec. IV

/s/ Rick V. Naran-Ferrini
RICK V. NARAN-FERRINI
D.C. Bar No. 1008958
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6626; (202) 727-6295
Fax: (202) 730-0594
Email: rick.ferrini@dc.gov

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 21st day of August 2014, I caused a copy of the foregoing, including all attachments, to be sent via first class mail postage prepaid to the following, in addition to filing via CaseFileXpress:

> Mr. Lamar G. Porter-Moore
> 1423 Jackson Street, NE
> Washington D.C. 20017

> */s/ Rick V. Naran-Ferrini*
> RICK V. NARAN-FERRINI
> Assistant Attorney General

5

Filed
D.C. Superior Court
09/05/2014 16:05PM
Clerk of the Court

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LAMAR G. PORTER-MOORE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 14 CA 003858 B** |
| | ) | |
| **v.** | ) | **Judge Stuart G. Nash** |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | **Next Event: Initial Conf. Oct. 3, 2014** |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF APPEARANCE

Please note the appearance of Gregory L. Lattimer as counsel for Lamar Porter-Moore, the

plaintiff in this matter.

Respectfully submitted,


        s/ Gregory L. Lattimer
Gregory L. Lattimer [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
 (202) 434-4513

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the foregoing was served electronically via case file express

to on this 5th day of September, 2014 to:

Rick V. Naran-Ferrini
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001


      s/ Gregory L. Lattimer
Gregory L. Lattimer

Filed
D.C. Superior Court
09/08/2014 18:56PM
Clerk of the Court

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LAMAR G. PORTER-MOORE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 14 CA 003858 B** |
| | ) | |
| **v.** | ) | **Judge Stuart G. Nash** |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | **Next Event: Initial Sch. Conf. Oct. 3, 2014** |
| | ) | |
| **Defendants.** | ) | |

**MOTION FOR EXTENSION OF TIME TO RESPOND TO**
**DEFENDANTS' MOTION TO DISMISS, OR IN THE**
**ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**

Comes now the plaintiff, by and through counsel, and hereby moves for an extension of time to respond to defendants' motion to dismiss or in the alternative motion for summary judgment.   In support thereof, plaintiff states as follows:

1. On June 23, 2014, plaintiff filed a complaint against the defendants pro se.

2. On August 19, 2014, defendants filed a dispositive motion seeking the dismissal of plaintiff's complaint.

3. Undersigned counsel has recently been made aware of the lawsuit and the pending motion. While he is simultaneously filing a Notice of Appearance, he is in no position to respond to the dispositive motion by the current due date of September 5, 2014 as he needs time to review the motion and to gather all relevant facts.  Accordingly, plaintiff seeks a 14 day extension of time to file a response to defendants' motion to dismiss or in the alternative motion for summary judgment.

4. The granting of this motion would not be prejudicial to defendants.  In contrast, the failure of plaintiff to obtain additional time to properly prepare a response to defendants' dispositive motion would be prejudicial to him.

Wherefore, for the reasons stated herein, and in the record of this proceeding, plaintiff respectfully requests that the Court grant an extension of time to file a response to defendants' motion to dismiss or in the alternative motion for summary judgment until September 19, 2014.

### Certification of Counsel

Undersigned counsel's office contacted counsel for the opposing defendants, Rick V. Naran-Ferrini, who indicated that the defendants do not take a position regarding the relief requested herein.

Respectfully submitted,

<u>        s/ Gregory L. Lattimer        </u>
Gregory L. Lattimer [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
 (202) 434-4513

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served electronically via case file express to on this 5th and 8th day of September, 2014 to:

Rick V. Naran-Ferrini
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001

<u>        s/ Gregory L. Lattimer        </u>
Gregory L. Lattimer

-2-

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LAMAR G. PORTER-MOORE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 14 CA 003858 B** |
| | ) | |
| **v.** | ) | **Judge Stuart G. Nash** |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | **Next Event: Initial Sch. Conf. Oct. 3, 2014** |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Upon consideration of the motion of the plaintiff for an extension of time to file a response to defendants' motion to dismiss or in the alternative motion for summary judgment, and it appearing to the Court that there is good cause for said Motion, it is on this _____ day of _____ _____, 2014;

**ORDERED**: that the Motion be and hereby is **GRANTED**; it is further

**ORDERED:** that plaintiff shall file his response to defendants' motion to dismiss or in the alternative motion for summary judgment no later than September 19, 2014.

.

_____
D.C. Superior Court Judge

cc:  Gregory L. Lattimer, Esq.
     Rick V. Naran-Ferrini, Esq.

-3-

Filed
D.C. Superior Court
09/19/2014 22:37PM
Clerk of the Court

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LAMAR G. PORTER-MOORE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 14 CA 003858 B** |
| | ) | |
| **v.** | ) | **Judge Stuart G. Nash** |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | **Next Event: Initial Sch. Conf. Oct. 3, 2014** |
| | ) | |
| **Defendants.** | ) | |

**MOTION FOR A FURTHER EXTENSION OF TIME TO**
**RESPOND TO DEFENDANTS' MOTION TO DISMISS, OR IN**
**THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT**

Comes now the plaintiff, by and through counsel, and hereby moves for a further extension of time to respond to defendants' motion to dismiss or in the alternative motion for summary judgment.   In support thereof, plaintiff states as follows:

1.   On June 23, 2014, plaintiff filed a complaint against the defendants pro se.

2.   On August 19, 2014, defendants filed a dispositive motion seeking the dismissal of plaintiff's complaint.

3.   Undersigned counsel entered an appearance on behalf of plaintiff and sought an extension of time to respond to the defendant's motion until September 19, 2014.   Despite undersigned counsel's diligent attempts to properly prepare a response to the dispositive motion, he has been unable to do so by September 19, and thus plaintiff seeks a brief 3 business day extension of time to respond to defendant's motion.

4.   Specifically, during the last two (2)  weeks undersigned counsel has had to prepare for a criminal trial that was scheduled to commence on September 8, 2014, prepared and filed a response to a motion to dismiss in a multiple party lawsuit pending in U.S. District Court for the District of

Maryland on September 9, 2014, prepared and filed an opposition to a motion to dismiss in a civil matter pending in the Baltimore County Circuit Court on September 11, 2014; prepared for and attended a motion hearing in a civil matter pending in the Baltimore County Circuit Court on September 15, 2014, prepared for and presented oral argument on September 16, 2014 in a wrongful death matter pending before the U.S. Court of Appeals for the District of Columbia Circuit; prepared for and attended a motion hearing in a civil matter pending in the D.C. Superior Court on September 17, 2014 and is preparing for filing an opposition to a motion to dismiss in a matter pending before the U.S. District Court for the District of Maryland.

5.  Due to previously scheduled matters, undersigned counsel was unable to fully address the issues raised in the defendant's dispositive motion by September 19, 2014.  Accordingly, plaintiff seeks an extension of time to file a response to  defendants' motion to dismiss or in the alternative motion for summary judgment until September 24, 2014.

6.  The granting of this motion would not be prejudicial to defendants.  In contrast, the failure of plaintiff to obtain additional time to properly prepare a response to defendants' dispositive motion would be prejudicial to him.

Wherefore, for the reasons stated herein, and in the record of this proceeding, plaintiff respectfully requests that the Court grant a further extension of time to file a response to defendants' motion to dismiss or in the alternative motion for summary judgment until September 24, 2014.

### Certification of Counsel

Undersigned counsel's office contacted counsel for the opposing defendants, Rick V. Naran-Ferrini, who indicated that the defendants do not take a position regarding the relief requested herein.

Respectfully submitted,


_____s/ Gregory L. Lattimer_____
Gregory L. Lattimer [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
 (202) 434-4513


## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served electronically via case file express

to on this 19th  day of September, 2014 to:

Rick V. Naran-Ferrini
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001


_____s/ Gregory L. Lattimer_____
Gregory L. Lattimer

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LAMAR G. PORTER-MOORE** | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No.: 14 CA 003858 B** |
| | ) | |
| v. | ) | **Judge Stuart G. Nash** |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Upon consideration of the motion of the plaintiff for a further extension of time to file a response to defendants' motion to dismiss or in the alternative motion for summary judgment, and it appearing to the Court that there is good cause for said Motion, it is on this _____ day of _____ _____, 2014;

**ORDERED**: that the Motion be and hereby is **GRANTED**; it is further

**ORDERED:** that plaintiff shall file his response to defendant's motion to dismiss or in the alternative motion for summary judgment no later than September 24, 2014.

.

_____
D.C. Superior Court Judge

cc:   Gregory L. Lattimer, Esq.
      Rick V. Naran-Ferrini, Esq.

-4-

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **LAMAR G. PORTER-MOORE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 14 CA 003858 B** |
| | ) | |
| **v.** | ) | **Judge Stuart G. Nash** |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | **Initial Scheduling Conf.: 10/3/2014** |
| | ) | |
| **Defendants.** | ) | |

### PLAINTIFF'S CONSENT MOTION FOR A CONTINUANCE OF THE
### INITIAL SCHEDULING CONFERENCE SCHEDULED FOR OCTOBER 3, 2014

Comes now the plaintiff, Lamar Porter-Moore, by and through counsel, and hereby moves the Court for a continuance of the Initial Scheduling Conference scheduled for October 3, 2014.  As his reasons therefor, plaintiff avers as follows:

1. This matter was initially filed by plaintiff, pro se, against the District of Columbia.  At that time, the Initial Scheduling Conference was scheduled for October 3, 2014.

2. Defendant District of Columbia filed a motion to dismiss, or in the alternative, motion for summary judgment.  Undersigned counsel has entered an Appearance and has moved the Court for an extension of time to file a response to the Defendant's dispositive motion until September 24, 2014.  Unless ordered otherwise by the Court, plaintiff will file an opposition to the defendant's motion to dismiss, or in the alternative, motion for summary judgment on September 24, 2014.

4. More significantly, however, undersigned counsel will be out of town on October 3, 2014 and will not be available to attend the Initial Scheduling Conference on that day. Due to this conflict, undersigned counsel's office contacted counsel for the District, Rick V. Naran-Ferrini, who indicated that he consents to the continuance of the Initial Scheduling Conference.

5. Inasmuch as counsel for both parties are available on November 14 or December 12, 2014

to attend the Initial Scheduling Conference in this case, plaintiff respectfully requests that the Initial Scheduling Conference that is currently scheduled for October 3, 2014 be continued until November 14 or December 12, 2014, or as soon thereafter as the Court's calendar permits. The additional time will ensure that the parties will have fully addressed the arguments raised in defendant's motion to dismiss, or in the alternative, motion for summary judgment prior to the Initial Scheduling Conference and will ensure that plaintiff is represented by counsel at the conference.[1]

WHEREFORE, for the reasons stated herein and in the record of these proceedings, plaintiff respectfully requests that his consent motion be granted and that the Initial Scheduling Conference be rescheduled on November 14 or December 12, 2014 or as the Court's calendar permits.

## CERTIFICATION OF COUNSEL

As noted above, defendant's counsel, Rick V. Naran-Ferrini, consents to the relief requested herein.

Respectfully submitted,

    /s/ Gregory L. Lattimer
Gregory L. Lattimer [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-4513
(202) 638-0095
764-6442 (Facsimile)
Lattlaw@aol.com

---

[1]/ In addition, plaintiff filed a consent motion to amend the complaint on September 23, 2014.

-2-

**<u>Certificate of Service</u>**

I HEREBY CERTIFY that a copy of the foregoing motion was served via the Court's

electronic service on this 24nd day of September, 2014 upon:

Rick V. Naran-Ferrini
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001


_____s/ Gregory L. Lattimer_____
Gregory L. Lattimer

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LAMAR G. PORTER-MOORE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 14 CA 003858 B** |
| | ) | |
| **v.** | ) | **Judge Stuart G. Nash** |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Upon consideration of Plaintiff's Consent Motion For A Continuance of the Initial Scheduling Conference scheduled for October 3, 2014, and there being no opposition thereto, and it appearing to the Court that good cause exists for said motion, it is by the Court on this _____ day of _____, 2014;

**ORDERED**: that plaintiff's motion shall be and hereby is **GRANTED**; it is further

**ORDERED**: that the Initial Scheduling Conference shall be continued until

_____, at _____.


_____
D.C. Superior Court


cc:  Gregory L. Lattimer, Esq.
     Rick V. Naran-Ferrini, Esq.

Filed
D.C. Superior Court
09/24/2014 17:10PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **LAMAR PORTER-MOORE,** | * | |
| **Plaintiff,** | * | **Civil Action No. 14-003858 B** |
| | * | **Judge Nash** |
| **DISTRICT OF COLUMBIA, et al.** | * | **Initial Conf. October 3, 3014** |
| **Defendants.** | * | |

### PLAINTIFF'S CONSENT MOTION FOR
### LEAVE TO FILE AN AMENDED COMPLAINT

Comes now plaintiff, through undersigned counsel, and pursuant to Super. Ct. Civ. Rule 15 ( c), hereby moves this Court for an order granting him leave to file an Amended Complaint. In support thereof, plaintiff references the attached Memorandum of Points and Authorities in Support of the Motion for Leave to File an Amended Complaint.

### CERTIFICATION OF COUNSEL

Prior to filing the instant motion, undersigned counsel's office contacted, Rick V. Naran-Ferrini counsel for the defendant, who indicated that defendant consents to the relief requested herein.

Respectfully submitted,

/s/ Gregory L. Lattimer
Gregory L. Lattimer[371926]
1200 G Street, N.W. Suite 800
Washington, D.C.  20005
Tel. (202) 434-4513

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this foregoing motion and accompanying memorandum

were served, via electronic mail, on this 24th day of September, 2014 to:

Rick V. Naran-Ferrini
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001

<u>   /s/ Gregory L. Lattimer </u>
Gregory L. Lattimer

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **LAMAR PORTER-MOORE,** | \* | |
| **Plaintiff,** | \* | **Civil Action No. 14-003858 B** |
| | \* | **Judge Nash** |
| **DISTRICT OF COLUMBIA,** | \* | **Initial Conf. October 3, 3014** |
| **Defendant.** | \* | |

### PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS CONSENT MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff brought this lawsuit, pro se, against the defendant District of Columbia alleging that he was falsely arrested, that his civil rights were violated and that his character was defamed when he was arrested on August 9, 2013 as a result of racial profiling.  As a pro se plaintiff, he did not set forth all of the factual or legal basis for his claims against the District of Columbia.  Plaintiff, now being represented by counsel,  seeks to amend the complaint to fully set forth the factual and legal basis of his claims against the District of Columbia.

The law with respect to amendment of a complaint is well established.

The grant or denial of leave to amend is committed to the discretion of the district court. It is an abuse of discretion, however, to deny leave to amend without sufficient reason "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Quoting Foman v. Davis, 371 U.S. 178, 182, (1962).*

*American Society for the Prevention of Cruelty to Animals v. Ringling Brothers and Barnum & Bailey Circus*, 244 F.R.D. 49, 50 (D.D.C. 2007).

\*          \*          \*          \*          \*

Rule 15(a) of the Federal Rules of Civil Procedure allows for liberal amendment of pleadings, "when justice so requires." *Fed. R. Civ. P. 15(a)*. The presumption runs in the plaintiff's favor that she may amend her complaint [i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the [plaintiff], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.  Parties are routinely permitted to amend pleadings well after suit has been filed. [citations omitted].

*Janet Howard v. Carlos Gutierrez*, 237 F.R.D. 310, 312 (D.D.C. 2006).

The D.C. Court of Appeals has also applied a liberal standard in granting a party leave to amend a complaint.  The Court in *Miller-MeGee v. Washington Hospital Center*, 920 A.2d 480 (D.C. App. 2007), stated:

We have recognized that "Super. Ct. Civ. R. 15 provides that leave to amend a complaint shall be given freely when justice requires," Epps, 454 A.2d at 324-25, and that "leave to amend should be given freely 'in the absence of any apparent or declared reason' for not permitting amendment." Id. at 325 (quoting Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)); see also Pannell v. District of Columbia, 829 A.2d 474, 477 (D.C. 2003) (referring to the "virtual presumption that leave to amend should be granted unless there are sound reasons for denying it" (internal quotation marks and citation omitted)). Reasons that may justify denying leave to amend are "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies [and] futility of amendment."Epps, 454 A.2d at 325 (citing Foman, 371 U.S. at 182).

The Courts have also consistently ruled that even greater latitude must be  afforded to amend a pleading when a party is proceeding pro se, as here.  *Brian P. Moore v. Agency for International Development*, 994 F.2d 874 (D.C. Cir. 1993); *Randall R. Reade v. Justis Saradji*, 994 A.2d 368 (D.C. App. 2010); *Taylor v. D.C. Water & Sewer Auth*, 957 A.2d 45 (D.C. 2008).   Specially, the D.C. Circuit in *Moore*, stated:

We have long recognized that leave to amend a complaint "shall be freely given when justice so requires." *Wyant v. Crittenden, 72 App. D.C. 163, 113 F.2d 170, 175 (D.C. Cir. 1940)*; *Fed. R. Civ. P. 15(a)*. As we noted in *Wyant,* this principle "would appear to be particularly appropriate when the party seeking to amend is permitted to

proceed in forma pauperis and, because of his circumstances, does so without benefit of counsel." *Wyant, 113 F.2d at* 175.

*Id.* at 877.

Inasmuch as plaintiff commenced this proceeding without the assistance of counsel, but has now retained counsel, he should be permitted to amend his complaint in order to more fully set forth the basis for his claims against the District of Columbia.[1]

Wherefore, for the foregoing reasons, and in the record of these proceedings, it is respectfully requested that the Court grant plaintiff leave to file an amended complaint.[2]

Respectfully Submitted,

/s/ Gregory L. Lattimer
Gregory L. Lattimer [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C.  20005
Tel: (202) 434-4513
Fax: (866) 764-6442

---

[1]/ Undersigned counsel was retained in August.  He was unaware of plaintiff's pro se complaint and, therefore, on August 9, 2014 filed a complaint against the District of Columbia and Officer Volpe, Case No. 14-004791 B, for the injuries he sustained as a result of his false arrest and unlawful seizure on August 9, 2014.   That matter has been assigned to Judge Ross.  The proposed amended complaint that plaintiff is seeking to file, is the substantially similar to the complaint field in Case No. 14-004791.

[2]/ Plaintiff has appended hereto his Amended Complaint.

-3-

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**LAMAR PORTER-MOORE,**                        *

       **Plaintiff,**                        *          **Civil Action No. 14-003858 B**

                  *          **Judge Nash**

**DISTRICT OF COLUMBIA, et al.**               *

       **Defendants.**                        *

### Order

Upon consideration of the Plaintiff's Consent Motion for Leave to File an Amended Complaint and it appearing to the Court that there is good cause for said Motion, it is on this

_____ day of _____, 2014;

**ORDERED**: that the Motion be and hereby is **GRANTED**; it is further

**ORDERED:** that plaintiff's amended complaint shall be deemed filed as of the date of this Order.


                         _____
                         D.C. Superior Court Judge


cc:  Gregory L. Lattimer, Esq.
      Rick V. Naran-Ferrini, Esq.

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | |
|---|---|
| **LAMAR MOORE** ) | |
| **1423 Jackson Street NE** ) | |
| **Washington, DC 20017** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | **Civil Action No. 14-003858 B** |
| **THE DISTRICT OF COLUMBIA,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **OFFICER TAYLOR VOLPE #5771** ) | |
| **5th District Police Station** ) | |
| **1805 Bladensburg Rd. NE** ) | |
| **Washington, D.C. 20002** ) | |
| ) | |
| **Defendants.** ) | |

**AMENDED COMPLAINT**
(False Arrest; Assault & Battery; 42 U.S.C. § 1983-Unwarranted Seizure)

**INTRODUCTION**

1. This is a civil action seeking damages against the defendants for intentional misconduct when the plaintiff was falsely arrested and detained, and subjected to an assault and battery. This action seeks both compensatory and punitive damages against the defendants for the intentional acts of wrongdoing under common law and for violations of the plaintiff's constitutional rights.

2. This Court has original subject matter jurisdiction over this case by virtue of D.C. Code § 11-921.

**PARTIES**

3. Plaintiff, was at all times relevant herein, a resident of the District of Columbia and a citizen of the United States.

4. Defendant Taylor Volpe is a Metropolitan Police Officer, and was so at all times

herein relevant. He is being sued in both his official and individual capacities.

## Statement of Facts

5. On August 9, 2013, the plaintiff had just finished jogging and was standing in front of his home located at 1423 Jackson Street, NE. The plaintiff was dressed in running attire.

6. As the plaintiff was kneeling down to catch his breath, defendant Volpe pulled up in his police cruiser and asked him what he was doing. When the plaintiff informed him that he had just finished running, defendant Volpe asked the plaintiff "what is the address behind you." The plaintiff informed defendant Volpe that the address was 1423 Jackson Street, and that he lived there. Defendant Volpe then told the plaintiff that he "fit the description" and to put his hands on his head.

7. The plaintiff informed defendant Volpe that he had done nothing wrong and that there was no reason for him to put his hands on his head. Defendant Volpe, who had exited his vehicle, placed his hand on his firearm and called for backup. While waiting for backup to arrive, the plaintiff remained in a kneeling position on the ground and overheard the radio broadcasts which indicated that there were two suspects. One was tall and bald with a white shirt and blue short and the other alleged suspect had on a white shirt and red shorts. The plaintiff advised defendant Volpe that he fit neither description as he was 5'6, alone in front of his home, and had on neither red nor blue shorts.

8. Upon the arrival of the back-up officers, the plaintiff was handcuffed and surrounded by 8-10 officers and was again questioned about his activities. The plaintiff was moved to a police vehicle and further questioned. The plaintiff then saw his mother who was coming toward him and asked her to retrieve his ID from their home. She immediately did so and was accosted by a plainclothes officer when she returned with her son's ID and

attempted to show the defendant officer and others that her son, who was standing on the sidewalk, outside of their home, had every right to be there.

9. During the time that he was illegally arrested, seized and subjected to an assault and battery, the plaintiff repeatedly asked the defendant officer for a height and weight for the suspects allegedly being sought. The defendant and the other officers on the scene refused to respond, and maintained their unlawful detention of the plaintiff. After finally conceding that no probable cause existed for the plaintiff's initial stop, subsequent arrest and seizure, he was released from custody.

10. The plaintiff was handcuffed in front of neighbors and family. He was held as a prisoner, handcuffed and standing against a marked police cruiser for what seemed like a minimum of one-hour.

11.  Prior to arriving at or near the location where he was unlawfully arrested, the plaintiff had not engaged in any illegal conduct of any kind.

12.  During the course of the unlawful arrest, the plaintiff neither resisted the unlawful arrest nor did he do anything else that would have justified the use of force of any kind, including him being handcuffed.

## COUNT I
### (False Arrest)

13. Plaintiff incorporates by reference paragraphs 1 through 12, as if fully set forth herein.

14. The defendant officer wrongfully and unlawfully arrested and detained the plaintiff even though no probable cause nor even a reasonable suspicion existed at all.

15. As a direct proximate result of the false arrest of the plaintiff by the defendant,

the plaintiff suffered discomfort, distress and loss of liberty; and has suffered, and will continue to suffer, mental anguish, humiliation and embarrassment from the indignity and disgrace of being falsely arrested, taken into custody, manhandled and otherwise grossly mistreated.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, in the full and just amount of One Million Dollars ($1,000,000.00), in compensatory and punitive damages plus interest and costs.

## COUNT II
(Assault & Battery)

16. Plaintiff incorporates, by reference, paragraphs 1 through 12 as if fully set forth herein.

17. The defendant officer, without proper grounds, willfully and maliciously touched, and manhandled the plaintiff about his body causing him bodily injury and pain. Each of the injuries suffered by the plaintiff were inflicted without provocation from the plaintiff and while he was presenting no immediate threat to anyone.

18. As a direct and proximate result of defendant's willful, malicious and intentional actions, the plaintiff suffered bodily injury.

WHEREFORE, the plaintiff demands judgment against the defendants, jointly and severally, in the fill and just amount of One Million Dollars ($1,000,000.00), in compensatory damages and in punitive damages plus interest and costs.

## COUNT III
(Deprivation of Civil Rights, 42 U.S.C. § 1983)

19. Plaintiff incorporates, by reference, paragraphs 1 through 12 as is fully set forth herein.

-4-

20. Plaintiff further alleges that the defendant officer, with deliberate indifference to and in reckless disregard for the safety and well-being of the plaintiff and in violation of the 4th Amendment to the Constitution, did on August 9, 2013, commit and/or failed to prevent or attempt to prevent others from committing acts which deprived plaintiff of his Constitutional right to be free from an unreasonable seizure.

21. As a direct and proximate result of the actions of the defendant officer, plaintiff was deprived of his liberty and injured by the renegade defendant police officers, acting outside the parameters of law and decency.

Wherefore, plaintiff demands judgment against defendants, jointly and severally, in the full and fair amount of Two Million Dollars ($2,000,000.00) in compensatory and punitive damages, plus interest and costs.

## JURY DEMAND

The plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

  /s/ Gregory L. Lattimer
Gregory L. Lattimer [371926]
Malik Z. Shabazz [458434]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-4513

Counsel for Plaintiff

-5-

Filed
D.C. Superior Court
09/26/2014 12:24PM
Clerk of the Court

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LAMAR PORTER-MOORE,** | * | |
| **Plaintiff,** | * | **Civil Action No. 14-003858 B** |
| | * | **Judge Nash** |
| **DISTRICT OF COLUMBIA, et al.** | * | **Initial Conf. October 3, 3014** |
| **Defendants.** | * | |

<u>**PLAINTIFF'S OPPOSITION TO DEFENDANT DISTRICT**
**OF COLUMBIA'S MOTION TO DISMISS OR/ IN THE**
**ALTERNATIVE,  MOTION FOR SUMMARY JUDGMENT**</u>

Comes now the plaintiff, by and through undersigned counsel, and hereby responds to

defendant's motion to dismiss, or in the alternative, motion for summary.  For the reasons stated herein,

the motion should be denied.

The District asserts that plaintiff's complaint should be dismissed because it fails to comply with

the notice requirements of Super. Ct. Civ. R 8 and 9 and because plaintiff did not provide the District

with notice of his claims pursuant to D.C. Code 12-309.[1]  The record does not support either argument

and, thus, must be rejected.

I.  <u>**Introductory Statement**</u>

On June 23, 2014, plaintiff, pro se, filed a complaint wherein  he alleged, *inter alia*, that he was

falsely arrested on August 9, 2013 and attached thereto a Case Summary Report prepared by the District

of Columbia Police Department dated that same day.  Exhibit 1.  The Case Summary Report detailed the

---

[1]/ The District further argues that the Fifth District Police Station is not a proper party.  Plaintiff agrees
and does not oppose the dismissal of any claims against the Fifth District Police Station.

alleged arrest of plaintiff as reported by Officer Taylor Volpe, the arresting officer. On August 19, 2014, the District filed the instant motion. Undersigned counsel entered an Appearance on behalf of the plaintiff on September 5, 2014 and on September 23, 2014, filed a Consent Motion to Amend the Complaint alleging claims for false arrest, assault and battery and unwarranted seizure against the District of Columbia and Officer Taylor Volpe. That motion is pending before the Court.

### Statement of Relevant Facts

On August 9, 2013, the plaintiff had just finished jogging and was standing in front of his home located at 1423 Jackson Street, NE. The plaintiff was dressed in running attire. As the plaintiff was kneeling down to catch his breath, defendant Volpe pulled up in his police cruiser and asked him what he was doing. When the plaintiff informed him that he had just finished running, defendant Volpe asked the plaintiff "what is the address behind you." The plaintiff informed defendant Volpe that the address was 1423 Jackson Street, and that he lived there. Defendant Volpe then told the plaintiff that he "fit the description" and to put his hands on his head.

The plaintiff informed defendant Volpe that he had done nothing wrong and that there was no reason for him to put his hands on his head. Defendant Volpe, who had exited his vehicle, placed his hand on his firearm and called for backup. While waiting for backup to arrive, the plaintiff remained in a kneeling position on the ground and overheard the radio broadcasts which indicated that there were two suspects. One was tall and bald with a white shirt and blue short and the other alleged suspect had on a white shirt and red shorts. The plaintiff advised defendant Volpe that he fit neither description as he was 5'6, alone in front of his home, and had on neither red nor blue shorts.

Upon the arrival of the back-up officers, the plaintiff was handcuffed and surrounded by 8-10

officers and was again questioned about his activities. The plaintiff was moved to a police vehicle and further questioned. The plaintiff then saw his mother who was coming toward him and asked her to retrieve his ID from their home. She immediately did so and was accosted by a plainclothes officer when she returned with her son's ID and attempted to show the defendant officer and others that her son, who was standing on the sidewalk, outside of their home, had every right to be there.

During the time that he was illegally arrested, seized and subjected to an assault and battery, the plaintiff repeatedly asked the defendant officer for a height and weight for the suspects allegedly being sought. The defendant and the other officers on the scene refused to respond, and maintained their unlawful detention of the plaintiff. After finally conceding that no probable cause existed for the plaintiff's initial stop, subsequent arrest and seizure, he was released from custody.

The plaintiff was handcuffed in front of neighbors and family. He was held as a prisoner, handcuffed and standing against a marked police cruiser for what seemed like a minimum of one-hour. Prior to arriving at or near the location where he was unlawfully arrested, the plaintiff had not engaged in any illegal conduct of any kind. During the course of the unlawful arrest, the plaintiff neither resisted the unlawful arrest nor did he do anything else that would have justified the use of force of any kind, including him being handcuffed.

### Argument

**A.**   **A Complaint Is Only Required To Set Forth A Short And Plain Statement Of The Claim Which Shows That The Pleader Is Entitled To Relief And A Demand For Judgment For The Relief Sought**

Super. Ct. Civ. R. 8 requires that a complaint contain 1) a short and plain statement of the grounds

-3-

upon which the court's jurisdiction depends; 2) a short and plain statement of the claim showing that the pleader is entitled to relief; and 3) a demand for judgment for the relief the pleader seeks. Such a statement must simply "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *In re Estate of Curseen v. Ingersoll*, 890 A.2d 191, 194 (D.C. App. 2006), quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). As such, there is no real issue that plaintiff's complaint does not satisfy these minimum requirements.

In assessing a motion to dismiss, the court must accept the allegations of the complaint as true, and construe all facts and inferences in favor of the plaintiff. *McBryde v. Amoco Oil Co.*, 404 A.2d 200, 202 (D.C. 1979). Dismissal is warranted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief." *Owens v. Tiber Island Condominium Ass'n*, 373 A.2d 890, 893 (D.C. 1977)(quoting *Conley v. Gibson*, 355 U.S. 41, 45 (1957). Any uncertainties or ambiguities involving the complaint must be resolved in favor of the pleader, and generally, the complaint must not be dismissed because the court doubts that plaintiff will prevail. *Atkins v. Indus. Telecommunications Association*, 660 A.2d 885, 887 (D.C. 1995).

In this case in particular, plaintiff's complaint alleges that he was falsely arrested and, thus, meets the notice requirement of Super. Ct. Civ. R. 8. While plaintiff did not allege his version of the facts, he clearly put the District on notice of his claim that he was falsely arrested. In addition to the complaint alleging that plaintiff was "falsely arrest[ed]," the Case Summary Report contains the detail as to the date, time, and location of the arrest, the identity of the arresting officer and the factual basis for the alleged

arrest.  These allegations clearly put the District on notice of the claim of false arrest.[2]

Notwithstanding, plaintiff has filed a consent motion to amend the complaint that would render this

aspect of the defendant's motion moot.  In the amended complaint plaintiff more than sufficiently alleges

claims for which relief can be granted.

### B.  Plaintiff's Common Law Claims Are  Not Barred by DC Code §12-309 Inasmuch As The District Had Actual Notice Of The Subject Incident By Way Of Police Reports

D.C. Code § 12-309 provides in relevant part:

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, causes and circumstances of the injury or damage.  A report in writing by the Metropolitan Police Department, in regular course of duty, is a sufficient notice under this section.

In *Hardy v. District of Columbia*, 616 A. 2d 338 (D.C. 1992), the D.C. Court of Appeals noted

the following:

> Generally stated the purposes of §12-309 are (1) to allow the District to investigate potential claims so that evidence may be gathered while still available, for example before the relevant sidewalk is paved over or the meter cover fixed, (2) to enable the District to correct defective conditions, thus increasing public safety, and (3) to facilitate settlement of meritorious claims and resistance of frivolous ones.

*Id.*  at 340.  Further, the purpose of § 12-309 is not to help the District to evaluate known claims by

requiring notice complete enough to state a formal cause of action.  Put another way, the statute was

---

[2]/ The essential elements of a false arrest claims are 1) the detention or restraint of one against his or her will, and 2) the unlawful of the detention or restraint.  *Enders v., District of Columbia*, 4 A.3d 457 (D.C. App. 2010).  Plaintiff's allegation that he was falsely arrested and his inclusion of the underlying facts regarding his arrest surely placed the District on notice of his claim of false arrest.

intended solely to assure the District an opportunity for timely access to all relevant facts about a potential claim, in order to protect the District against an unfair advantage by the eventual claimant. *Washington v. District of Columbia*, 429 A. 2d 1362, 1368 (D.C. 1981) (en banc).

In *Washington*, 429 A.2d at 1366, the D.C. Court of Appeals stated:

> More specifically, in *Pitts, supra*, which concerned a claim for wrongful death at a public housing project, **we said with respect to the "cause" element that notice would be sufficient "if it recites facts from which it could be reasonably anticipated that a claim against the District might arise."** *Id. at 809*.[11] This means that the written notice or police report must disclose both the factual cause of the injury and a reasonable basis for anticipating legal action as a consequence. **Such notice would suffice**, therefore, **if it either characterized the injury and asserted the right to recovery, or -- without asserting a claim -- described the injuring event with sufficient detail to reveal, in itself, a basis for the District's potential liability**.   [Emphasis added.]

Here, the Case Summary Report describes the facts from which it could be reasonably anticipated that a claim against the District might arise.  The facts which were recited on the day of the alleged arrest fully set forth that the plaintiff was arrested or detained, that a weapon was drawn, that it was later determined that the plaintiff had done nothing wrong and that it was necessary for the police to explain their actions to the plaintiff, to his mother and to his father.  Moreover the report indicates that plaintiff objected to the manner in which he was being treated.  Clearly, this report set forth the cause and circumstances required of a 12-309 noticce.

In *Reiser v. District of Columbia*, 563 F.2d 462, 467 (D.C. Cir. 1977), in rejecting the District's argument regarding inadequate police reports satisfying §12-309, the D.C. Circuit held that:

> the police reports [of a murder by a parolee] provided the District notice of the principal facts sufficient to lead it to those related facts which were peculiarly within its possession and that the requirements of Section 12-309 were satisfied.

The D.C. Court of Appeals in *Pitts v. District of Columbia*, 391 A.2d 803, 808-09 (D.C. 1978),

analyzed *Reiser*, and other precedents thusly:

> Our review of the precedents considering whether a particular police report has satisfied the notice requirement of Section 309 persuades us that these decisions implicitly follow a case-by-case approach in an area where no "bright live" tests are applicable. Likewise, we conclude that the determination of whether a particular police report or series of reports constitutes statutory notice to the District of Columbia can only be reached after consideration of the particular facts of the case, the nature of the report itself and the objectives sought to be attained by the notice provision.

The particular facts of this case make absolutely clear that the District had actual notice of the subject incident. The police report which has been submitted indicates the date, time, place and manner of injury sustained by the plaintiff. All of the aforementioned reports were created within the six months of the injury and are without a doubt police reports made in the regular course of duty. See Exhibit 1.

Accordingly, it is clear that the District had actual notice of plaintiffs' claims and after consideration of the particular facts of this case, and the nature of the report itself, it cannot even arguably be maintained that the requirements of §12-309 were not fully satisfied by the subject police reports in the case at bar. *Pitts, supra.; Washington, supra; Hardy, supra; Reiser, supra.*

In addition, D.C. Code § 12-309 only pertains to claims against the District of Columbia as the plain language of the statute indicates. *Anderson-Bey v. District of Columbia*, 466 F.Supp. 2d 51, 66 (D.D.C. 2006); *George v. Dade*, 769 A.2d 760, 770 (D.C. 2001); *Sanders v. District of Columbia*, 2002 U.S. Dist., Lexis 6818 n. 2 (April 15, 2002). Therefore, even if the Court were to conclude that the police report in this case did not satisfy the requirements of § 12-309, it would have no effect on the claims against the defendant officer who is being sued in both his individual capacity and official capacity, as set forth in the amended complaint.

Wherefore for the reasons stated herein and in the record of this proceeding and because plaintiff's

complaint clearly and unequivocally alleges that a claim for which relief can be granted and because the

relevant police report satisfies D.C. 12-309 requirement, the District's motion must be summarily denied.

Respectfully submitted,

/s/ Gregory L. Lattimer
Gregory L. Lattimer[371926]
1200 G Street, N.W. Suite 800
Washington, D.C.  20005
Tel. (202) 434-4513
Fax (866-764-6442)
Lattlaw@aol.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of this foregoing were served, via electronic mail, on this 26th day

of September, 2014 to:

Rick V. Naran-Ferrini
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001


        <u>/s/ Gregory L. Lattimer</u>
        Gregory L. Lattimer

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

**LAMAR PORTER-MOORE,**       *

      **Plaintiff,**       *      **Civil Action No. 14-003858 B**

           *      **Judge Nash**

**DISTRICT OF COLUMBIA, et al.** *

      **Defendants.**       *

                        **Order**

     Upon consideration of Defendant's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, and the opposition thereto, and it appearing to the Court that there is no good cause for said Motion, it is on this _____ day of _____, 2014;

**ORDERED**: that the Motion be and hereby is **DENIED**.


                               _____
                               D.C. Superior Court Judge


cc:  Gregory L. Lattimer, Esq.
      Rick V. Naran-Ferrini, Esq.

Filed
**D.C. Superior Court
09/29/2014 14:14PM
Clerk of the Court**

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

LAMAR G. PORTER-MOORE,
                              Plaintiff

        v.

DISTRICT OF COLUMBIA, et al.,
                              Defendants

Docket No.    2014 CA 003858 B
Civil 2 Calendar #11
Judge Stuart G. Nash

## <u>ORDER</u>

Before the Court is plaintiff's Motion for Extension of Time to Respond to Defendant's Motion to Dismiss, or in the Alternative Motion for Summary Judgment, filed September 8, 2014 and plaintiff's Motion for Further Extension of Time to Respond to Defendant's Motion to Dismiss, or in the Alternative Motion for Summary Judgment, filed September 19, 2014.  The defendant has not filed an opposition, and the Court therefore exercises its discretion under Rule 12-I(e) to treat the motion as conceded.

For good cause shown, it is this 29th day of September, 2014,

**ORDERED** that the motion is **GRANTED**; and it is futher

**ORDERED** that Plaintiffs shall file a response to Defendant's Motion to Dismiss, or in the Alternative Motion for Summary Judgment no later than September 24, 2014.

Stuart G. Nash
Judge, D.C. Superior Court

**Copies provided via Case File Xpress:**

Gregory L. Lattimer, Esq.
*Counsel for Plaintiff*

Rick V. Naran-Ferrini, Esq.
Patricia A. Oxendine, Esq.
*Counsel for Defendants*

Filed
D.C. Superior Court
09/29/2014 14:16PM
Clerk of the Court

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

LAMAR G. PORTER-MOORE,
                            Plaintiff

                v.

DISTRICT OF COLUMBIA, et al.,
                            Defendants

Docket No.       2014 CA 003858 B
Civil 2 Calendar #11
Judge Stuart G. Nash

## ORDER

Before the Court is Plaintiffs' Consent Motion for Leave to File an Amended Complaint, and Plaintiff's Consent Motion for Continuance of the Initial Scheduling Conference Scheduled for October 3, 2014, both filed September 24, 2014.

In the Motion for Leave to File an Amended Complaint, plaintiff represents that the initial complaint was filed prior to the plaintiff obtaining counsel and that amendment of the complaint is now necessary to more fully set forth the basis for the plaintiff's claims.   In the Motion for Continuance, Plaintiff represents that counsel will be out of town on the date of the Initial Scheduling Conference.   Plaintiff further represents that defendants consent to both of these motions.

For good cause shown, it is this 29th day of September, 2014, ordered that:

**ORDERED** that Plaintiffs' Consent Motion for Leave to File an Amended Complaint is **GRANTED**; and it is further

**ORDERED** that the Amended Complaint attached to plaintiff's Motion is accepted for filing as of the date of this order; and it is further

**ORDERED** that Plaintiff's Consent Motion for Continuance of the Initial Scheduling Conference Scheduled for October 3, 2014 is **GRANTED**; and it is further

1

**ORDERED** that the Initial Scheduling Conference scheduled to occur on October 3, 2014 is continued to November 14, 2014 at 9:30 a.m. in Courtroom A-47 before Judge Nash of the Superior Court.

_____
Stuart G. Nash
Judge
Signed in chambers

**Copies provided via Case File Xpress:**

Gregory L. Lattimer, Esq.
_Counsel for Plaintiff_

Rick V. Naran-Ferrini, Esq.
Patricia A. Oxendine, Esq.
_Counsel for Defendants_

Filed
D.C. Superior Court
10/27/2014 17:22PM
Clerk of the Court

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION**

| | | |
|---|---|---|
| LAMAR G. PORTER-MOORE, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2014 CA 003858 B |
| | ) | Judge Stuart G. Nash |
| v. | ) | |
| | ) | Next Event: ISC – November 14, 2014 |
| DISTRICT OF COLUMBIA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT DISTRICT OF COLUMBIA'S ANSWER TO PLAINTIFF'S AMENDED
COMPLAINT**

Defendant the District of Columbia ("the District"), by and through undersigned counsel,

hereby answers Plaintiff's Amended Complaint in the above-captioned matter as follows:

FIRST DEFENSE

The allegations in the Amended Complaint fail to state a claim against the District for

which relief can be granted.

SECOND DEFENSE

The District responds to the individually-numbered paragraphs in the Amended

Complaint as follows:

**INTRODUCTION**

1.      The allegations in Paragraph 1 are legal and/or factual conclusions of the pleader

to which no response is required.

2.      The allegations in Paragraph 2 are legal and/or factual conclusions of the pleader

to which no response is required.

**PARTIES**

3.      The District lacks sufficient information to either admit or deny the allegations contained in Paragraph 3 of the Complaint.

4.      The District admits that co-defendant Taylor Volpe was a Metropolitan Police Department officer at all relevant times.  The remaining allegation about the capacity in which Plaintiff has sued Defendant Volpe requires no response from this Defendant.

**STATEMENT OF FACTS**

5.      The District lacks sufficient information to either admit or deny the allegations contained in Paragraph 5 of the Complaint.

6.      The District lacks sufficient information to either admit or deny the allegations contained in Paragraph 6 of the Complaint.

7.      The District lacks sufficient information to either admit or deny the allegations contained in Paragraph 7 of the Complaint.

8.      The District lacks sufficient information to either admit or deny the allegations contained in Paragraph 8 of the Complaint.

9.      The allegations in Paragraph 9 of the Complaint are legal and/or factual conclusions of the pleader to which no response is required.

10.      The District lacks sufficient information to either admit or deny the allegations contained in Paragraph 10 of the Complaint.

11.      The allegations in Paragraph 11 of the Complaint are legal and/or factual conclusions of the pleader to which no response is required.

12.     The allegations in Paragraph 12 of the Complaint are legal and/or factual conclusions of the pleader to which no response is required.  To the extent a response is required, the District denies the allegations.

## COUNT I
### (False Arrest)

13.     The District adopts its responses to Paragraphs 1-12 as if fully set forth herein.

14.     The allegations in Paragraph 14 of the Complaint are legal and/or factual conclusions of the pleader to which no response is required.  To the extent a response is required, the District denies the allegations.

15.     The allegations in Paragraph 15 of the Complaint are legal and/or factual conclusions of the pleader to which no response is required.  To the extent a response is required, the District denies the allegations.

## COUNT II
### (Assault & Battery)

16.     The District adopts its responses to Paragraphs 1-15 as if fully set forth herein.

17.     The allegations in Paragraph 17 of the Complaint are legal and/or factual conclusions of the pleader to which no response is required.  To the extent a response is required, the District denies the allegations.

18.     The allegations in Paragraph 18 of the Complaint are legal and/or factual conclusions of the pleader to which no response is required.  To the extent a response is required, the District denies the allegations.

## COUNT III
### (Deprivation of Civil Rights, 42 U.S.C. § 1983)

19.      A The District adopts its responses to Paragraphs 1-18 as if fully set forth herein.

20-21. The allegations set forth in Paragraphs 20 and 21 do not pertain to this Defendant and are legal conclusions of the pleader to which no response is required.

FURTHER ANSWERING, the District denies all allegations not specifically admitted or otherwise answered.

### THIRD DEFENSE

Plaintiff may have failed to fully comply with the mandatory notice requirements of D.C. Official Code Section § 12-309.

### FOURTH DEFENSE

All or some of Plaintiff's claims may be barred by statute of limitations, laches, estoppel, or waiver.

### FIFTH DEFENSE

Plaintiff was not "arrested."

### SIXTH DEFENSE

If Plaintiff was arrested and/or detained, probable cause existed for the arrest/detention.

### SEVENTH DEFENSE

The District cannot be held liable for its discretionary actions.

### EIGHTH DEFENSE

Plaintiff may have failed to mitigate his damages.

## NINTH DEFENSE

Actions or omissions of the District, including its employees, agents, or servants acting within the course and scope of their employment, were not the proximate cause of Plaintiff's alleged injuries.

## TENTH DEFENSE

Plaintiff's claim against the District is barred based on any privilege its employees had to interact or otherwise touch Plaintiff.

## ELEVENTH DEFENSE

If Plaintiff was injured and/or damaged as alleged in the Amended Complaint, then such injuries and/or damages were caused by superseding causes not within the District's control.

## TWELFTH DEFENSE

The public duty doctrine and/or sovereign immunity may bar this claim.

## SET-OFF

The District asserts a set-off against any judgment rendered against it for all funds and services provided to or on behalf of Plaintiff, including medical care and Medicaid.

## JURY DEMAND

The District demands a trial by jury with the maximum number permitted by law.

Respectfully Submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

*/s/ Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, General Litigation Sec. IV

5

*/s/ Rick V. Naran-Ferrini*
RICK V. NARAN-FERRINI
D.C. Bar No. 1008958
Assistant Attorney General
Office of the Attorney General
441 Fourth Street, N.W., Suite 630 South
Washington, D.C. 20001
Phone: (202) 724-6626; (202) 727-6295
Fax: (202) 730-0594
Email: rick.ferrini@dc.gov


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 27th day of October 2014, I caused a copy of the foregoing,

including all attachments, to be served electronically, via CaseFileXpress, on the following:

        Gregory L. Lattimer, Esq.
        Malik Z. Shabazz, Esq.
        1200 G Street, N.W.
        Suite 800
        Washington D.C. 20005

                        */s/ Rick V. Naran-Ferrini*
                        RICK V. NARAN-FERRINI
                        Assistant Attorney General

6

Filed
D.C. Superior Court
11/17/2014 11:04AM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | | |
|---|---|---|
| **LAMAR G. PORTER-MOORE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 14 CA 003858 B** |
| | ) | |
| **v.** | ) | **Judge Stuart G. Nash** |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S MOTION TO VACATE
## DISMISSALWITH RESPECT TO OFFICER VOLPE

Comes now the plaintiff, Lamar Porter-Moore, by and through counsel, and hereby moves the Court to vacate the dismissal of his lawsuit against the defendant officer because of his alleged failure to serve him within the time proscribed by the rules.  In support of this motion, the plaintiff avers as follows:

1.  This matter was initially filed by plaintiff, pro se, against the District of Columbia.

2.  Defendant District of Columbia filed a motion to dismiss, or in the alternative, motion for summary judgment.  That motion was opposed.  At the initial conference held on November 14, 2014, the court granted the District's motion with respect to the alleged failure of the plaintiff to provide adequate notice pursuant to D.C. Code §12-309.  In addition, apparently because there was no indication that service upon the defendant officer, Taylor Volpe, had yet been obtained, the Court dismissed this matter with respect to him as well.

3.  During the initial scheduling conference, plaintiff's counsel advised the Court that he believed that the officer had been served but had reviewed the court's docket and observed that no affidavit had been filed.  Therefore, he was not sure if the officer had been served or not. Immediately afterward, plaintiff's counsel checked with the process server and discovered that

defendant Volpe had in fact been served on November 4, 2014, at 1:04 p.m. at the 5th District Police Precinct.  Exhibit 1.

4.  The summons for defendant Volpe was issued on October 10, 2014 and was served well within the time, sixty(60) days, mandated by Super. Ct. Civ. Rule 4(m).  As such, the Court's ruling was without legal basis.

WHEREFORE, for the reasons stated herein and in the record of these proceedings, plaintiff respectfully requests that the Court  vacate its dismissal of plaintiff's lawsuit against defendant Volpe.

### POINTS AND AUTHORITIES

1.  Super. Ct. Civ. R. 7.

2.  Super. Ct. Civ. R. 4(m).

Respectfully submitted,


   /s/ Gregory L. Lattimer
Gregory L. Lattimer [371926]
1200 G Street, N.W.
Suite 800
Washington, D.C. 20005
(202) 434-4513
(866)764-6442 (Facsimile)
Lattlaw@aol.com

## **Certificate of Service**

I HEREBY CERTIFY that a copy of the foregoing motion was served via the Court's

electronic service on this 14th day of November, 2014 upon:

Rick V. Naran-Ferrini
Assistant Attorney General
441 Fourth Street, N.W.
Suite 630 South
Washington, D.C. 20001

                              _____s/ Gregory L. Lattimer_____
                              Gregory L. Lattimer

**IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **LAMAR G. PORTER-MOORE** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: 14 CA 003858 B** |
| | ) | |
| **v.** | ) | **Judge Stuart G. Nash** |
| | ) | |
| **DISTRICT OF COLUMBIA, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Upon consideration of Plaintiff's Motion to Vacate the Dismissal of Plaintiff's case with respect to Defendant Officer Taylor Volpe 14, and any opposition thereto, and it appearing to the Court that good cause exists for said motion, it is by the Court on this _____ day of _____, 2014;

**ORDERED**: that plaintiff's motion shall be and hereby is **GRANTED**; it is further

**ORDERED**: that the dismissal as to defendant Volpe be and hereby is **VACATED**.

_____
D.C. Superior Court Judge

cc:  Gregory L. Lattimer, Esq.
     Rick V. Naran-Ferrini, Esq.

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION, CIVIL ACTIONS BRANCH**
500 Indiana Avenue, N.W., Room 5000
Washington, D.C. 20001
Telephone (202) 879-1133

Civil Action No. *14 - 003858 B*

*LAMAR MOORE* vs *TAYLOR VOLPE # 5771*
**Plaintiff**                              **Defendant**

## AFFIDAVIT OF SERVICE BY SPECIAL PROCESS SERVER

I, *MELVIN T. KEARNEY*, age 18 or older, residing or working at *1805 RANDOLDSBURG RD WASH DC 20002*, am not a party and have no interest in this case. On *NOV 4*, 20 *14*, at *11:04* AM/PM.

1. I served a copy of the summons, complaint, initial order, and addendum if necessary, and any attachments as follows on defendant *OFFICE TAYLOR VOLPE #5771, MPD*

[X] Personally at *METROPOLITAN POLICE DEPT 5th DISTRICT PRECEINT*

[ ] By leaving said copy with _____ a person of suitable age and discretion, who stated that he/she resides with the defendant at

_____

[ ] By leaving said copy with _____ at

He/She stated that they are authorized to accept service on behalf of the above defendant by statute or law and his/her official capacity is _____

2. Below, you must set forth specific facts from which the Court can determine that process was served as indicated above and in compliance with SCR CIV 4, including a physical description (approximate age, height, weight) of any person on whom service was made:

*OFFICER VOLPE (5771) WAS SERVED AT HIS DUTY PRECIENT, 5th DISTRICT, AT THE ADDRESS ABOVE. HE WAS REQUESTED TO MAKE HIMSELF AVAILABLE AFTER ROLL CALL. HE APPEARED BEFORE ME IN FULL POLICE UNIFORM WEARING HIS NAME TAG AND SHIELD # 5771*

*Melvin T. Kearney*
Special Process Server

Subscribed and sworn to before me this *6th* day of *NOV*, 20 *14*.

_____          *04 04 15*
Notary Public / Deputy Clerk          My Commission Expires

NOTE: A separate Affidavit of Service is required for each named Defendant

Form CV-3035-Jun 2011

Kamal G. Ramchandani
Notary Public
Montgomery County
State of Maryland
Commission Expires 04/04/15

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |
|---|---|
| LAMAR PORTER-MOORE, <br> Plaintiff <br><br> v. <br><br> OFFICER TAYLOR VOLPE, et al., <br> Defendants | Docket No.    2014 CA 003858 B <br> Civil 2 Calendar #11 <br> Judge Stuart G. Nash |

**ORDER**

Before the Court are two Plaintiff's Motion to Vacate Dismissal with Respect to Officer Volpe. Both motions have the same title and appear to contain the same content. One is motion id #605642 and one is motion id #605559. For the following reasons, the motion #605642 is granted and the motion #605559 is denied as moot.

On June 23, 2014, plaintiff filed a complaint against the District of Columbia. On October 10, 2014, plaintiff filed an amended complaint, which added Officer Volpe as a defendant. At a hearing on November 14, 2014, the Court granted defendant District of Columbia's Motion to Dismiss and dismissed the case in its entirety. No affidavit of service was filed as to Officer Volpe, so the Court assumed that he had not yet been served and dismissal was appropriate. Plaintiff's counsel represents that following the hearing, he was in contact with the process server, who indicated that he had personally served Officer Volpe on November 4, 2014. The affidavit of service is attached to plaintiff's motion. It appears that service complied with the requirements of Superior Court Civil Rule 4(m). Therefore, it is appropriate to vacate the dismissal.

For good cause shown, it is this 16th day of December, 2014,

**ORDERED** that Plaintiff's Motion to Vacate Dismissal with Respect to Officer Volpe, #605642, is **GRANTED**;  and it is further

**ORDERED** that Plaintiff's Motion to Vacate Dismissal with Respect to Officer Volpe, #605559, is **DENIED AS MOOT**; and it is further

**ORDERED** that the dismissal entered as to Officer Taylor Volpe on November 14, 2014, is **VACATED** and the case is **REINSTATED**; and it is further

**ORDERED** that the parties appear for a scheduling conference on January 23, 2014 at 9:30 in Courtroom 200 before Judge Nash.


_____
                        Stuart G. Nash
                        Judge
                        Signed in chambers



**Copies provided via Case File Xpress:**

Gregory L. Lattimer, Esq.
*Counsel for Plaintiff*

Rick V. Naran-Ferrini
*Counsel for Defendant*

Officer Taylor Volpe
5th District Police Station
1805 Bladensburg Road, NE
Washington, DC  20002
*Defendant*